**IN THE DISTRICT COURT OF CLEVELAND COUNTY**
**STATE OF OKLAHOMA**

STATE OF OKLAHOMA ) S.S.
CLEVELAND COUNTY )

FILED NOV 10 2020

In the office of the Court Clerk MARILYN WILLIAMS

| | |
|---|---|
| MICHELLE B. POLAN, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-20-____ |
| | ) Age/gender/ national origin claim |
| THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, Operating as the University of Oklahoma, Health Sciences Center, | ) |
| | ) Cleveland County, Okla |
| Defendant. | ) JURY TRIAL DEMANDED |

CJ-2020-1011

## PETITION

**COMES NOW THE PLAINTIFF** and alleges that:

### PARTIES

1. The Plaintiff is Michelle B. Polan, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is the Board of Regents of the University of Oklahoma operating as the University of Oklahoma Health Sciences Center.

### JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age, gender, national origin and retaliation for complaining of such discrimination as prohibited by the ADEA and Title VII. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. 626(c), 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The Oklahoma Anti-Discrimination Act (OADA) provides a state law remedy for each form of discrimination described herein.

4. All of the actions complained of occurred in Cleveland County and the Defendant may be sued in that County.

-1-

EXHIBIT 2

## STATEMENT OF FACTS

5. Plaintiff was a female employee of the University of Oklahoma working for the University of Oklahoma Health Sciences Center located in Norman, Oklahoma.

6. Plaintiff's job title at the time of her hiring was as an Assistant Professor of Pediatrics with responsibilities that included clinical and medical biochemical genetics.

7. Plaintiff's supervisors were, to her observation, primarily of Chinese or Indian nationality while Dr. Polan was of Polish ancestry. Plaintiff's immediate supervisors were Sanjay Bidichandani and Dr. Morris Gessouroun.

8. The Plaintiff satisfactorily performed her job duties and had received a bonus in July 2018.

9. During Plaintiff's employment, Plaintiff observed discrimination against a female peer. This person, Dr. Palmer, and was of American nationality and was approximately Plaintiff's age when she was placed on an unwarranted probation and forced into retirement by Plaintiff's supervisors.

10. After Dr. Palmer's forced retirement, in approximately November 2017, Plaintiff's supervisor began shifting Dr. Palmer's work load to the Plaintiff. A male co-worker was not assigned any of these additional responsibilities.

11. Around May 2018, another geneticist resigned with those job responsibilities also being transferred to the Plaintiff.

12. In May 2018, shortly after Plaintiff had received a bonus for good performance, Plaintiff's supervisors insisted that she accept even more work and responsibilities.

13. Plaintiff advised that she could not accept those duties because she was already handling the work load previously handled by three other employees. Other

**EXHIBIT 2**

employees who were younger, male and not of Plaintiff's nationality were not assigned such an extreme work load.

14. When Plaintiff objected to the proposed assignment, her supervisors set a meeting in which the male supervisor (Bidichandani) yelled at and harassed the Plaintiff and treated her in a demeaning and derogatory fashion. Other employees who were younger, male and/or of different nationality were not treated in this fashion.

15. Plaintiff wrote a letter about the gender discrimination and harassing behavior to the Chair of her Department who was also a male.

16. Less than a week after complaining of this discriminatory conduct, approximately October 11, 2018, Plaintiff was given the option to either resign or be terminated and, therefore, was constructively discharged.

17. A direct cause of Plaintiff's treatment was her age, gender, national origin or a combination of those factors with retaliation for her complaint of discrimination.

18. As the direct result of the Defendant's conduct, Plaintiff has suffered lost earnings, past, present and future along with mental and emotional distress for which she is entitled to compensation.

19. Plaintiff filed a timely charge of discrimination based on age, nationality, gender and retaliation with the EEOC on or about February 26, 2019, which is less than 180 days from the constructive discharge.

20. On or about August 14, 2020, the EEOC mailed Plaintiff a right to sue letter which was received by her thereafter. This lawsuit is brought within ninety (90) days of the receipt of such right to sue authorization.

21. Age discrimination by the Defendant is actionable under the OADA, and Plaintiff brings her action thereunder seeking all wage loss together with

EXHIBIT 2

liquidated damages.

22. Gender discrimination by the Defendant is actionable under Title VII and the OADA, and Plaintiff brings her action thereunder seeking all wage loss together with emotional distress damages under Title VII and liquidated damages under the OADA.

23. National origin discrimination by the Defendant is actionable under Title VII and the OADA, and Plaintiff brings her action thereunder seeking all wage loss together with emotional distress damages under Title VII and liquidated damages under the OADA.

24. Retaliation for complaining of discrimination is actionable under Title VII, and Plaintiff brings her action thereunder seeking all wage loss together with emotional distress damages under Title VII.

**WHEREFORE,** Plaintiff prays that she be awarded her actual and liquidated damages herein together with costs, pre- and postjudgment interest and attorney's fees and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS** 10 **DAY OF NOVEMBER, 2020.**

HAMMONS, HURST & ASSOCIATES

Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amberashby@hammonslaw.com
*Counsel for Plaintiff*
Attorney Lien Claimed
Jury Trial Demanded

**EXHIBIT 2**