## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELLE B. POLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-1236-R |
| | ) | |
| THE BOARD OF REGENTS | ) | |
| OF THE UNIVERSITY OF | ) | |
| OKLAHOMA, operating as the | ) | |
| University of Oklahoma Health | ) | |
| Sciences Center, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 7) filed by Defendant, the Board of Regents of the University of Oklahoma ("the University"). Plaintiff responded in opposition to the motion and Defendant filed reply in support of its position. (Doc. Nos. 9 and 10). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action in the District Court of Cleveland County, Oklahoma, complaining about certain conditions during her employment in October 2018 at the University, where she served as an associate professor of pediatrics. Plaintiff, who is a woman of Polish descent, asserts claims for gender and national origin discrimination under federal and state law, as well as a claim for retaliation under federal law and a state law age discrimination claim. Defendant seeks dismissal of each of Plaintiff's claims, asserting that she has failed to state a claim.[1]

---

[1] Defendant's first argument addresses the Age Discrimination in Employment Act. Plaintiff states in response to the motion that she is only alleging age discrimination under the Oklahoma Anti-Discrimination Act ("OADA"). Accordingly, Defendant's motion is denied as moot with regard to the ADEA.

In analyzing a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).

> The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008). "*In other words, Rule 8(a)(2) still lives.*" *Id.* (emphasis added). "Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

*Luna-Diaz v. O.K. Foods, Inc.*, No. CIV-20-196-RAW, 2020 WL 5602840 (E.D. Okla. Sept. 18, 2020). Additionally, although the elements of a prima facie case are helpful in determining whether a plaintiff has alleged sufficient facts to support a claim, a plaintiff does not have to establish a prima facie case in the complaint. *Davis v. BAE Systems Technology Solutions & Services, Inc.*, 764 F. App'x 741, 744 (10th Cir. 2019). The Court finds that certain of Plaintiff's claims are sufficiently pled to avoid dismissal, while others are not.

As noted above, Plaintiff asserts a claim for age discrimination under the OADA, which protects workers over the age of forty. Okla. Stat. tit. 40 § 1301 (defining "age discrimination in employment"). The Petition does not allege Plaintiff's age, a fact pointed out by Defendant in its motion to dismiss. In response, Plaintiff relies on her EEOC charge to supply the missing factual allegation. In the EEOC charge, Plaintiff included her birthdate, which indicates she is over forty-years old and, therefore, protected by Oklahoma's anti-discrimination law as it applies to age. Defendant contends Plaintiff cannot rely on the EEOC charge without converting its 12(b)(6) motion into a motion for summary judgment under Rule 56.

> Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon. Fed. R. Civ. P. 12(b); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). A motion to dismiss considers the conduct alleged in the complaint, whereas a motion for summary judgment considers the evidence (or lack thereof) upon which the allegations are based. *Bell v. Fur Breeders Agric. Coop.*, 348 F.3d 1224, 1230 (10th Cir.2003). We have recognized however, that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute. *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1045 (10th Cir.2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997).

*Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005). Defendant argues the EEOC charge is not "central" to Plaintiff's claims, because Defendant is not arguing lack of exhaustion or untimely exhaustion. The Court concurs with Defendant under the circumstances of this case, that Plaintiff has not sufficiently alleged discrimination on the basis of age because she did not allege she was part of the protected class in her Petition. The Court declines Plaintiff's request that it consider the EEOC charge appended to her response to the Motion to Dismiss. *See Douglas v. Norton*,

167 F. App'x 698, 704-05, 2006 WL 137403, *6 (10th Cir. Jan. 19, 2006)(because the issue of exhaustion was not jurisdictional, the district court erred in not converting a motion to dismiss to a motion for summary judgment). Plaintiff's age discrimination claim under the OADA is therefore dismissed. Plaintiff, despite not complying with the Court's Local Civil Rule regarding the amendment of pleadings, is hereby granted leave to file an Amended Complaint within ten days of entry of this Order to remedy this deficiency.

As noted, Plaintiff alleges discrimination in violation of Title VII. Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act prohibit employment discrimination based on gender and national origin. 42 U.S.C. § 2000e-2(a); Okla. Stat. tit. 25 § 1302(A)(1). Defendant argues that Plaintiff fails to state a claim for gender or national origin discrimination under Title VII or the OADA because an increased workload, allegedly after a colleague departed, and again after a second colleague left the employment of the University, does not constitute an adverse employment action.[2] Defendant characterizes this as a mere inconvenience or alteration of job duties, not actionable under Title VII. Although at summary judgment the Court may ultimately find that Plaintiff's evidence is insufficient to establish an adverse employment action, at the motion to dismiss stage her allegations are sufficient.

The Tenth Circuit applies a liberal definition to the phrase "adverse employment action;" it does not limit such actions to monetary losses. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir.1998)(citing *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986–87

---

[2] The Court will consider the Title VII and OADA claims together. *See Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017) ("The OADA is analyzed similarly to Title VII claims.")

(10th Cir.1996)). Rather, the Tenth Circuit "takes a case-by-case approach, examining the unique factors relevant to the situation at hand." *Sanchez*, 164 F.3d at 532 (internal quotation marks omitted)(*citing Jeffries v. Kansas*, 147 F.3d 1220, 1232 (10th Cir.1998)). "[A]n increased workload might constitute an adverse employment action in some circumstances," *Jones v. Barnhart*, 349 F.3d 1260, 1269–70 (10th Cir.2003). At the motion to dismiss stage Plaintiff's allegations of increased workload are sufficient to allege an adverse employment action for purposes of her gender discrimination and national origin discrimination claims.

Defendant further contends Plaintiff has not alleged facts to support an inference of discrimination, usually accomplished by pleading that similarly situated, non-protected employees, were not treated similarly. With regard to her claim for gender discrimination Plaintiff alleges that when Dr. Palmer was forced into resignation her job duties were assigned to Plaintiff, a female, and that a male co-worker was not assigned any additional responsibilities from Dr. Palmer's workload. (Doc. No. 1-2, ¶ 10). She makes a similar allegation with regard to an attempt to increase her workload in May 2018. (Doc. No. 1-2, ¶ 13). The Court finds these allegations sufficient to plead a claim for gender discrimination.

Defendant also seeks dismissal with regard to Plaintiff's claim that Defendant discriminated against her on the basis of her national origin claim—specifically, Plaintiff's Polish ancestry. Plaintiff alleges her supervisors were "primarily of Chinese or Indian nationality." Petition, ¶ 13. Plaintiff complains that in May 2018, her supervisors insisted she accept additional work and responsibilities, and that "other employees who were

5

younger, male, and not of Plaintiff's nationality were not assigned such an extreme workload." (Petition, ¶¶ 12-13).  The Court finds these allegations sufficient to state a claim for national origin discrimination, specifically because she alleges that other employees who were not Polish were not assigned additional workload, which, as set forth above, can constitute an adverse employment action. This allegation of similarly situated employees who were treated differently is sufficient to comply with the applicable pleading standards.[3]

Finally, the Court considers Defendant's motion as directed to Plaintiff's retaliation claim. Ultimately, to establish a case for retaliation under Title VII, a plaintiff must show that she engaged in protected opposition to discrimination, that she was subjected to an adverse employment action, and that a causal connection existed between the protected activity and the materially adverse action. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201, 1202 (10th Cir. 2006). Defendant argues that Plaintiff fails to sufficiently allege facts to establish that she engaged in protected activity. Defendant argues, "[a]ccording to the facts as pled by Plaintiff, the 'gender discrimination and harassing behavior' complained of in her letter was about an assignment to which she objected as well as the ensuing meeting after her objection. This does not amount to protected opposition." (Doc. No. 7, p. 8). The Court does not read Plaintiff's Petition as narrowly as Defendant's argued construction. The actual contents of the letter can be

---

[3]  In its reply brief the University argues the following for the first time, "[f]urthermore, as Plaintiff is Caucasian and thus a member of a historically favored ground, there have not been sufficient allegations of reverse discrimination." (Doc. No. 10, p. 2). The Court will not address arguments raised for the first time in a reply brief, and further, Plaintiff's claims are for gender and national origin discrimination, not race discrimination. *See Graves v. Colvin*, No. CIV-12-375-M, 2013 WL 3992424, at *4 (W.D. Okla. Aug. 2, 2013) ("The Tenth Circuit Court of Appeals follows the general rule that an argument raised for the first time in a reply brief is deemed abandoned or waived.").

considered at the summary judgment stage, but at the dismissal stage, the Court finds the allegations sufficient to allege that Plaintiff engaged in protected conduct.

Defendant also challenges the Plaintiff's characterization of the decision presented to her—to resign or be terminate—as not stating a claim for constructive discharge. The Court disagrees.

> This court has recognized that an employee can prove a constructive discharge by showing that she was faced with a choice between resigning or being fired. *See, e.g., Acrey v. American Sheep Industry Ass'n*, 981 F.2d 1569, 1573–74 (10th Cir.1992) (employee told to resign or she would be fired); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1154 (10th Cir.1990) (employee faced with choice between early retirement or being fired).

*Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996). Accordingly, Defendant is not entitled to dismissal of Plaintiff's retaliation claim on this basis.

Lastly, Defendant argues that Plaintiff has failed to allege facts to support a causal connection between her protected activity and the threat to fire her if she did not resign. However, the temporal proximity between Plaintiff's internal complaint and the choice given to her to resign or be fired is sufficient to plead a causal connection. "A causal connection may be shown by 'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" *O'Neal v. Ferguson Const. Co.,* 237 F.3d 1248, 1252 (10th Cir. 2001)(quoting *Burrus v. United Tel. Co. of Kan., Inc.,* 683 F.2d 339, 343 (10th Cir.1982)). Defendant's motion is denied as to Plaintiff's retaliation claim.

Defendant's Motion to Dismiss is GRANTED as to Plaintiff's age discrimination claim under the OADA. Plaintiff, however, is hereby granted leave to file an Amended

Complaint within ten days of entry of this Order. Defendant's motion is otherwise DENIED.

**IT IS SO ORDERED** this 19th day of January 2021.

_David L. Russell_

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**